An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN OWEN WRIGHT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60455

**FILED**

FEB 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order granting a petition for restoration of civil rights pursuant to NRS 213.157 (2003). Tenth Judicial District Court, Churchill County; Richard Wagner, Judge.

On February 20, 2003, the Division of Parole and Probation, on behalf of appellant John Wright, filed a petition for restoration of civil rights pursuant to NRS 213.155. Because NRS 213.155 restores rights to persons honorably discharged from parole, the district court and parties assumed that the Division meant NRS 213.157 (2001), which restores civil rights to felons like Wright who have *completed* their sentences.[1] While Wright's petition was pending, the Legislature substantially amended NRS 213.157 with changes that became effective on July 1, 2003. *See* 2003 Nev. Stat., ch. 447, § 15, at 2695-96. Eventually the district court orally granted Wright's petition, but for reasons not included in the record, the district court did not enter a written order until 2012, nearly nine

---

[1]Because the parties and the district court understood that the Division meant to cite NRS 213.157, its reference to NRS 213.155 "is an inadvertent clerical error warranting no extensive comment." *Osborne v. State*, 82 Nev. 342, 344, 418 P.2d 812, 813 (1966).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-05120

years later. The order restored all of the civil rights listed in NRS 213.157 as amended in 2003.

Wright argues that the district court applied the wrong version of NRS 213.157 because he filed his petition before the July 2003 effective date of the amendment, and the State conceded during oral argument that the district court should have applied the 2001 version of the statute that was in effect when Wright filed his petition. In light of the State's concession and the presumption that statutes "only operate prospectively, unless it is clear that the drafters intended the statute to be applied retroactively," *Sandpointe Apartments, LLC v. Eighth Judicial District Court*, 129 Nev. ___, ___, 313 P.3d 849, 853 (2013), we agree that the district court erred by restoring Wright's civil rights pursuant to NRS 213.157 as amended in 2003.

Accordingly, we

REVERSE and REMAND this matter to the district court with instructions to grant Wright's petition pursuant to NRS 213.157 (2001).

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Armstrong Teasdale, LLP/Las Vegas
       Churchill County District Attorney/Fallon
       Churchill County Clerk